UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN A. WARREN, #245972,

    Petitioner,

v.                                                 Civil Case No. 07-12776
                                                 Honorable Paul V. Gadola
                                                 Magistrate Judge Charles E. Binder

RAYMOND D. BOOKER,

    Respondent.

_____

**OPINION & ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

This matter is before the Court on Petitioner's *pro se* request for writ of habeas corpus pursuant to 28 U.S.C. §2254 filed on July 3, 2007. For the reasons stated below, the Court will summarily dismiss the habeas petition without prejudice.

**I. Introduction**

Petitioner, Brian A. Warren, is presently confined at the Ryan Correctional Facility in Detroit, Michigan, where he is serving a life sentence without the possibility of parole and three 30-60 year sentences. This term of imprisonment arises from his October 16, 1995 conviction. Presently, Petitioner is challenging his May 6, 1991 conviction for "check no account," for which he was sentenced to a term of probation. Petitioner claims that this 1991 conviction was used to enhance the sentences which he is currently serving. Relative to the 1991 conviction, Petitioner asserts that he was deprived of his Sixth Amendment right to pursue an appeal and that his right to the appointment of appellate counsel was violated. It is his contention that his indigence and trial counsel's failure to inform him of his right to appeal are the reasons his constitutional rights were

violated. Petitioner, however, did not engage in the state appellate process relative to his 1991 conviction, and therefore has failed to exhaust his state court remedies. He claims that because he was denied the appointment of appellate counsel and his Sixth Amendment right to appeal, that any exhaustion requirements should be waived.

## II. Discussion

### A. Exhaustion of State Remedies Standard

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on petitioner's claims." *Rust*, 17 F.3d at 160. A petitioner must present each ground to both appellate courts. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Federal courts will not review a habeas corpus petition when a state prisoner has not first presented his or her claims to the state courts and exhausted all state court remedies available to him or to her. *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir. 1998). The Antiterrorism and Effective Death Penalty Act ("AEDPA") preserves the traditional exhaustion requirement, which mandates

2

dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Foster v. Withrow*, 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001).

**B. Application of the Law & Analysis**

Petitioner in this case admittedly states that he has not exhausted his state court remedies, and therefore has not met his burden of showing exhaustion. Accordingly, this matter is subject to dismissal without prejudice. However, in his defense, Petitioner asserts that his rationale for not exhausting the required state court remedies is directly related to his claims presently before this Court. His reasoning is that since he was denied the opportunity to pursue an appeal and receive an appointment of appellate counsel, it was not possible for him to exhaust his appellate remedies and be in compliance with the exhaustion rules.

Petitioner's argument is without merit for two reasons. First, case law provides that the exhaustion requirement is not excused because the state courts did not provide a petitioner a direct appeal with appellate counsel. *See Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983). Failure of the state trial court to inform a petitioner of his appellate rights and/or to appoint counsel on direct appeal does not excuse the petitioner from exhausting his habeas claim in the state courts before seeking federal habeas review. *See In re Joiner*, 58 F.3d 143, 144 (5th Cir. 1995); *see also Pillette v. Foltz*, 824 F.2d 494, 498 (6th Cir. 1987). Therefore, Petitioner's basis for circumventing the exhaustion requirement has been rejected by the applicable case law. Second, a petitioner has no constitutional right to counsel in state collateral proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005). Although the Court is not making a determination as to the timeliness or merits of this petition, the Court recognizes that since the basis of Petitioner's claim is not the violation of a constitutional right, and habeas claims

must be premised upon acts constituting a form of constitutional deprivation, Petitioner's claim as presented may not be cognizable under habeas review.

## III.    Conclusion

The Court concludes that Petitioner has failed to exhaust his state court remedies as to the claims presented in his federal habeas petition, which requires the dismissal of his case.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's "Application for Writ of Habeas Corpus under 28 U.S.C. §2254 by a Person in State Custody" [docket entry #1] is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

Dated:    August 8, 2007                                s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on    August 8, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                              ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:          Brian Warren                      .

                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845